## Case No. 16,178.

### UNITED STATES v. ROBINSON et al.

[1 Wall., Jr., 161.] [1]

Circuit Court, W. D. Pennsylvania. Nov. Term, 1846.

EVIDENCE—MARSHAL'S BOND—STATUTORY CERTIFICATE.

Where a statute, dispensing with common law proof of a writing, allows a certified copy to be evidence after certain acts previously performed in regard to the original, a copy certified so as not to shew that those acts have been previously performed is inadmissible.

This was an action of debt against sureties, brought on the official bond of B., late marshal of the Western district of Pennsylvania. The declaration was in the usual form with profert: the plea non est factum. The plaintiff offered in evidence, from the files of the treasury at Washington (where it had been sent in compliance with the rules of that department intended to secure the government against loss) a copy of the bond declared on, with a certificate from the clerk of this court, not under the seal of the court, that the same was "a true and faithful copy of the official bond," &c. but the certificate did not state nor shew that the bond had been filed and recorded in the clerk's office.[2] The competency of the copy being objected to on this account, the point was, whether or not it was admissible under an act of congress on the subject of marshal's bonds, which enacts that "they shall be filed and recorded in the office of the clerk of the district or circuit court," &c. and that "copies thereof certified by the clerk under the seal of the court, shall be competent evidence," &c. Act April 10, 1806 (2 Stat. 372) § 2:

---

GRIER, Circuit Justice. Where the common law proof of a writing has been changed by statute, and copies substituted in the place of originals, it is settled that the mode of authentication required by the statute should be strictly pursued: and all that the act requires should be made to appear on the face of the new evidence. The legislature may establish rules of evidence in derogation of the common law; but the judicial power is limited to rules laid down in the statute.

The copy here offered has not such authentication as the act requires. The clerk does not certify that it is a copy of any instrument "filed and recorded" in his office. As a matter of fact in the case, it is said that he could not have truly given such a certificate. And yet undoubtedly both filing and recording are pre-requisites to his capacity to give a copy at all. It makes no difference that the copy is the original one filed in the treasury office. If that department chooses to disregard settled rules of evidence, and to take as security against default copies which have no value as proof, it must do so. The court will not follow their precedent.

If the words of the statute, when compared with the form of this certificate, (sufficiently explained by admitted facts in case,) do not satisfy the mind, and a precedent be needed, precedent in point is at hand in a decision of the supreme court of Pennsylvania. Young v. Com., 4 Bin. 113. A statute of that state requires that official bonds of sheriffs should be "duly recorded by the recorder of deeds," and "when so taken and recorded, shall be by him endorsed and forthwith transmitted to the secretary of the commonwealth, who shall file the same in his office;" and enacts that "copies thereof, under the hand and seal of office of the said secretary or recorder, shall be admitted as legal evidence," &c. [4 Smith's Laws, p. 47, § 2.] A copy was offered "duly certified by the secretary of the commonwealth to be a true copy of the original which was filed in his office;" and it was held inadmissible on the plea of non est factum; the plea in this case.

The paper is also defective in wanting seal of the court.

The plaintiff was called.